### COHEN v. WEINSTEIN.

(Supreme Court, Appellate Term. March 13, 1911.)

SALES (§ 168½*)—RETURN OF GOODS—TIME.

Where a purchaser has the right to rescind a sale as to any part of the goods sold, and no time is fixed in which to exercise the option, it must be exercised within a reasonable time; and where the purchaser exercises his option as to a portion, he cannot later reject others, which he had once accepted, and what is a reasonable time is a question of fact.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 409–421½; Dec. Dig. § 168½.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Aaron Cohen against Max Weinstein. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Simon H. Kugel (Abraham Tulin, of counsel), for appellant.
Myron Sulzberger, for respondent.

PAGE, J. The action was brought to recover for a balance due for goods sold and delivered. It is admitted that between the 28th day of April, 1910, and July 7, 1910, the Morton Silk Weaving Company, the plaintiff's assignor, delivered to the defendant silks to the value of $1,489.60, and that the defendant paid on account thereof in cash $506.03, and returned goods for which he was credited to the value of $610.36, a total of $1,116.39, thus leaving a balance of $373.21, for which plaintiff brought his action.

The defendant claims that he purchased these goods with the understanding that he could return any of the goods that he did not want, and that on August 1st he returned goods to plaintiff to the value of $295.60, but that plaintiff refused to receive them; that defendant was entitled to a credit by way of a discount of $36.59, which would leave a balance due plaintiff of $36.15. The testimony shows that a discount was to be allowed of 7 per cent. for cash, which in the silk trade meant for a payment within 10 days. It appears from the testimony, further, that a portion of each shipment of goods was returned, and defendant credited with the value of the goods thus returned. After three letters had been written demanding payment, the last of which stated that, no attention having been paid to the previous demands, the claim would be placed in the hands of a lawyer for collection; the defendant on August 1st attempted to return goods to the value of $295.60. The last shipment of goods had been only of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value of $278.32, and a portion of those goods had been returned, and a portion of that shipment was concededly retained by the defendant. Hence the goods tendered back must have been in large part portions of prior shipments, as to all of which the defendant had once exercised his option.

It is well settled that where the vendee has the right to rescind a sale as to any part of the goods sold, and there is no time fixed by the contract within which he should exercise the option, it must be exercised by him within a reasonable time, and that what is a reasonable time under the circumstances of each case is a question of fact, and also, where goods are examined and accepted, the vendee cannot thereafter change his mind and reject them. Therefore, in this case, the defendant having examined the goods and exercised his option as to a portion, he could not later reject others, which he had once accepted, and it was a question of fact for the judge to determine whether the option was exercised within a reasonable time. The decision, therefore, on the main question in this case, was right. It appears, however, that the defendant was entitled to credit for the discount of 7 per cent. on his payments which were concededly made within the 10 days of shipment.

Therefore the judgment will be reduced by $36.59, and, as modified, affirmed, without costs. All concur.